IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

JONATHAN WITHANACHCHI,
    Petitioner,

v.

UNITED STATES OF AMERICA,
    Respondent.

    Civil Action No. 11-cv-946-AW

*************************************************************************

## MEMORANDUM OPINION

On April 12, 2011, Petitioner Jonathan Withanachchi ("Withanachchi") filed a petition for writ of error *coram nobis* against the United States of America ("United States"), requesting that this Court vacate Withanachchi's 2003 conviction for Driving under the Influence ("DUI"). Currently pending before the Court are: (1) Withanachchi's petition for writ of error *coram nobis*, and (2) United States' motion to dismiss. The Court has reviewed the entire record, as well as the pleadings and exhibits, with respect to the instant motions. On August 12, 2011 the Court conducted a hearing on the pending motions and permitted the parties to present their arguments.[1] *See* Local Rule 105.6 (D. Md. 2010). For the reasons stated more fully below, the Court will DENY Withanachchi's petition for writ of error *coram nobis* and GRANT United States' motion to dismiss.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

---

[1] The Court accepted as true all statements proffered by Withanachchi in his affidavit, Doc. No. 1 Ex. 1.

Withanachchi, a citizen of Canada, currently resides in the United States lawfully under a TN work visa that will expire in 2012. Withanachchi is in the process of applying for permanent residency.

On November 3, 2003, Withanachchi pleaded guilty to one count of DUI on the Baltimore Washington Parkway (Magistrate Judge Thomas M. DiGirolamo, presiding). The plea hearing and sentencing proceedings reveal that Withanachchi had a BAC of .14 and was found with 3.3 grams of marijuana on his person. *See* Doc. No. 1, Ex. 3. Withanachchi told the Court: "In reference to the multiple drug use, I have never - - like marijuana use – there was no marijuana use in - - it was just then. Just drugs." *Id.* In other words, Withanachchi did not dispute the underlying facts supporting the conviction. Pursuant to the plea bargain reached between Withanachchi and the United States, the United States moved to dismiss the marijuana charge in exchange for Withanachchi's guilty plea. Withanachchi had no prior convictions. Withanachchi was represented by Thomas C. Mooney. At Withanachchi's sentencing hearing on January 7, 2004, the court sentenced Withanachchi to eighteen months supervised probation and twenty-five hours of community service.

On December 7, 2010, Withanachchi pleaded guilty to another DUI charge in New York.

Given that Withanachchi now has two DUI infractions, these convictions could rise to the level of a crime of moral turpitude. Immigrations and Customs Enforcement (ICE) has discretion to deny Withanachchi's H-I work visa application due to Withanachchi's having two DUI convictions.

However, the ICE has not yet refused Withanachchi's H-1 work visa application for permanent residency.

On April 12, 2011, Withanachchi filed a petition for writ of error *coram nobis*, seeking to have his 2003 conviction vacated. The remedy of *coram nobis* is Withanachchi's only option for relief at this point because he has already completed his probation and community service for the 2003 conviction, and so a habeas corpus claim would not be appropriate.

Withanachchi principally alleges that: (1) his guilty plea in the 2003 conviction was not knowing, voluntary or intelligent because he was never made aware of the immigration consequences of his guilty plea; and (2) he received ineffective assistance of counsel leading to the 2003 conviction because his attorney failed to advise him of the consequences of his guilty plea. Moreover, Withanachchi claims that his attorney affirmatively misadvised him that as part of his guilty plea, he would receive "deferred adjudication" and that if he completed his probation successfully, he would not have a conviction on his record.

On April 19, 2011 the United States moved to dismiss Withanachchi's petition for *coram nobis*, contending that *coram nobis* is an extraordinary remedy limited to cases in which a manifest injustice has occurred, and Withanachchi made no such allegation in his petition. On May 4, 2011, Withanachchi replied in opposition to the United States' motion to dismiss Withanachchi's petition.

The United States routinely destroys physical evidence in cases that have subsequently closed. In the seven years since Withanachchi's November 3, 2003 conviction, all evidence of Withanachchi's DUI and marijuana possession has been destroyed, according to statements by the United States during the August 12, 2011 hearing.

## II. **STANDARD OF REVIEW**

A writ of *coram nobis* is available only in "'extraordinary' cases presenting circumstances compelling its use 'to achieve justice.'" *United States v. Denedo*, 129 S. Ct. 2213, 2220 (2009) (citing *United States v. Morgan*, 346 U.S. 502, 510-11 (1954)); *see also United States v. Mirza*, 45 F.3d 428, at *1 (4th Cir.) (unpublished) ("A writ of error *coram nobis* may be granted to vacate a conviction only if a fundamental error occurred."). Because it is an "extraordinary remedy," a writ of error *coram nobis* "may not issue when alternative remedies, such as habeas corpus, are available." *Morgan*, 346 U.S. at 511.

The Fourth Circuit and the district courts under its jurisdiction, including this Court, have adopted a test crafted by the Ninth Circuit for making *coram nobis* determinations. *United States v. Bazuaye*, 399 F. App'x. 822, 824 (4th Cir. 2010); *Thomas v. United States*, No. RWT-10-2274, 2011 WL 1457917, at *2 (D. Md. Apr. 15, 2011); *United States v. Interstate Gen. Co.*, 152 F. Supp. 2d 843, 845 (D. Md. 2001). Under this four-prong approach, relief is appropriate when: (1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is one of the most fundamental character. *Hirabayashi v. United States*, 828 F.2d 591, 604 (9th Cir. 1987).

A. **Comparing the Writ of Error *Corum Nobis* to Habeas Corpus Claims for Relief**

Because *coram nobis* is an extraordinary tool used to correct legal and factual errors, an application for the writ is viewed as a "belated extension of the original proceeding during which the error allegedly transpired." *See Denado*, 129 S. Ct at 2221. Unlike habeas corpus, where relief is sought in a separate case and record, *coram nobis* is considered a subsequent and included "step" in a criminal case. *Morgan*, 346 U.S. at 505, n.4. Thus, a writ of *corum nobis* is

treated differently as a matter of procedure from a habeas corpus claim. Also, as described above, it differs in substance in regard to the four-prong test adopted by the 4th Circuit for *coram nobis* claims.

### III. ANALYSIS

In order to obtain relief under *corum nobis*, Withanachchi must show that: (1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is one of the most fundamental character.

In this case, the third and fourth prongs are the most problematic for Withanachchi and dismissal of his claim is appropriate on these grounds. The fourth prong regarding whether the error is of the most fundamental character is a critical element that, as discussed below, Withanachchi failed to show. Withanachchi will be able to meet the first prong and show that the remedy of habeas corpus is not available because Withanachchi has already completed his probationary period and community service that comprised his sentence. Also, Withanachchi meets the second prong that there are valid reasons for not attacking the conviction earlier because it is only now that he has discovered the potential adverse consequences of the 2004 conviction on his immigration status. Thus, the following analysis will focus on the fourth prong of whether the error is of a fundamental character, followed by a brief analysis of the third prong as to whether the claim satisfies the Article III case or controversy requirements.

### I. Whether the Errors Alleged by Withanachchi are of the Most Fundamental Character

The writ of error *corum nobis* is appropriate only to vacate judgments for errors of fact in those cases where the errors are "of the most fundamental character; that is, such as rendered the

proceeding itself irregular and invalid." *United States v. Mayer*, 235 U.S. 55, 69 (1914). Withanachchi asserts that the writ of error *coram nobis* is an appropriate remedy and should be granted based on two errors: (1) His guilty plea was not knowing, voluntary or intelligent because he was not warned of the effect of the plea on his immigration status and was not appraised of the elements of the crime; and (2) He received ineffective assistance of counsel. Each ground will be discussed separately.

    A.    **<u>Validity of Withanachchi's Guilty Plea</u>**

In order for a guilty plea to be voluntary, the defendant must possess "an understanding of the law in relation to the facts." *McCarthy v. United States*, 394 U.S. 459, 466 (1969). A guilty plea is invalid if the defendant enters the plea without knowledge of the crime's elements. *See Bradshaw v. Stumpf*, 545 U.S. 175, 183-84 (2005).

    1.   <u>Whether the Court Had an Obligation to Warn Withanachchi that the Entry of his Guilty Plea would lead to his Deportation.</u>

Withanachchi contends that his plea was involuntarily entered because he was not informed that the entry of his guilty plea would lead to his deportation. Withanachchi contends that he would not have agreed to plead guilty to an offense that would prevent the renewal of his visa and ultimately result in his deportation had he known that could occur.

However, Withanachchi fails to allege that his 2003 guilty plea in fact had the independent effect of subjecting him to deportation or even greatly increasing his risk of deportation. In fact, Withanachchi remained in the United States without incident during the six years after his 2003 conviction, prior to his 2010 conviction. If there was no increased risk of deportation to Withanachchi upon his first conviction, then the Court had no obligation to warn Withanachchi about such a risk during the plea ceremony.

Moreover, Withanachchi fails to allege facts showing that he is currently subject to deportation or even that he is at great risk of deportation due to his now two DUI convictions. Withanachchi merely faces the possibility that the ICE may decline to renew his visa due to the fact that he now has two convictions on his record. No case law has suggested that a court has an obligation to alert a defendant during a plea ceremony leading to the defendant's first conviction that multiple convictions may subject the defendant to an increased risk of deportation.

Thus, Withanachchi's allegation that his plea was involuntary on this ground is without merit and does not suggest a "manifest injustice" or fundamental error for which the *corum nobis* remedy is appropriate.

2. <u>Whether the Court's Failure to Advise Withanachchi of the Elements of the DUI Charge Renders the Plea Ceremony Invalid</u>

Next, Withanachchi contends that his plea was not knowing, intelligent and voluntary because he was not advised of the elements of the charge to which he was pleading guilty, and Withanachchi did not otherwise represent during the plea hearing that he had discussed the nature and elements of the charges with trial counsel.

According to the record of the plea hearing, the Court conveyed its understanding that Withanachchi wanted to plead guilty to the charge of driving under the influence, and Withanachchi affirmed that this was correct. *See* Doc. No. 1, Ex. 2. The Court asked: "Do you understand what that charge is?" to which Withanachchi answered affirmatively. *Id.* Although the Court did not spell out the elements of the charge, the guilty plea as a whole appears from the record to be thorough, knowing and voluntary in accordance with F. Rule Crim P. 58.

Thus, Withanachchi's contention that his plea was not knowing, voluntary and intelligent because he was not advised of the elements of the charge is without merit and not a basis for the remedy of *corum nobis*.

### B. <u>Ineffective Assistance of Counsel Claim</u>

The Sixth Amendment to the United States Constitution guarantees an accused person in a criminal case the right to counsel, which the Supreme Court has interpreted to include the right to effective assistance of counsel. *See McMann v. Richardson*, 397 U.S. 759, 771 (1970). The test for ineffective assistance of counsel is a two-pronged test derived from *Strickland v. Washington*, 466 U.S. 668 (1984). The petitioner must show that trial counsel's performance: (1) "failed to meet an objective standard of reasonableness" under "[p]revailing professional norms;" and (2) counsel's deficient performance prejudiced the defense. *Id.* at 669, 686-88.

1. <u>Whether Withanachchi's Attorney's Performance Failed to Meet an Objective Standard of Reasonableness</u>

    a. Failure to Advise Withanachchi about the Potential Immigration Consequences of his Guilty Plea.

Withanachchi claims that his attorney's failure to advise him about the potential immigration consequences of his guilty plea constituted defective performance under the Supreme Court's recent holding in *Padilla v. Kentucky*, 130 S. Ct. 1473 (2010). In *Padilla*, the Court held that counsel engaged in deficient performance when counsel failed to advise the defendant that his plea of guilty made him subject to automatic deportation. 130 S. Ct. at 1476.

Here, however, Withanachchi was not subject to automatic deportation as a result of his 2003 guilty plea. Moreover, Withanachchi failed to allege that the 2003 guilty plea, standing alone, had <u>any</u> effect on his immigration status.

In *Padilla*, the Court found that when the law is not "succinct and straightforward" as to whether a guilty plea will result in deportation, a criminal defense attorney "need do no more than advise a noncitizen client that pending criminal charges may carry a risk of adverse immigration consequences." 130 S. Ct. at 1483. In this case, Withanachchi's 2003 conviction standing alone did not necessarily carry any risk of adverse immigration consequences. It is only when combined with Withanachchi's 2010 conviction that the infractions may rise to the level of a crime of moral turpitude and subject Withanachchi to an increased risk that his H-1 visa for permanent residency will be denied. *Padilla* does not stand for the proposition that an attorney representing a non-citizen defendant must advise that defendant in accepting a plea bargain that multiple convictions may carry an increased risk of deportation.

Thus, Withanachchi's attorney had no obligation to inform Withanachchi about any immigration consequences of his guilty plea, and Withanachchi's claim for ineffective assistance of counsel on this ground is thus without merit and not a basis for the extraordinary remedy of *coram nobis*.

> b. Attorney's Inaccurate Advice that Withanachchi's Conviction was Subject to "Deferred Adjudication," Meaning that Withanachchi's Conviction Would be Taken Off his Record As Long As He Completed his Probation Successfully.

Withanachchi claims ineffective assistance of counsel on the ground that Withanachchi's attorney told him that his conviction was subject to "deferred adjudication," which is in fact not available for a federal DUI conviction.

Assuming Withanachchi was in fact misadvised as to the effect of his conviction, this by itself is insufficient grounds to satisfy the first prong of the *Strickland* test that the attorney failed to meet an "objective standard of reasonableness." *See Strickland*, 466 U.S. at 669. The Supreme

Court has consistently set an extremely high standard as to what constitutes a lack of "reasonableness."

Here, the attorney's incorrect advice about whether the conviction could eventually be taken off Withanachchi's record does not seem to be a crucial piece of advice sufficient to render the entire representation unreasonable. Rather, it seems that this advice was a collateral consideration to the more central issues involved in Withanachchi's decision to accept the plea bargain: namely, the consideration that if Withanachchi pleaded guilty, the United States would drop the marijuana charges. *See* Doc. No. 1, Ex. 3. The United States never promised Withanachchi that his conviction would be vacated at any point or removed from his record. Withanachchi did not take any action to check his record to see whether the conviction had in fact been removed until he was convicted of the second DUI. Thus, it does not seem that this incorrect advice played a major role in Withanachchi's decision to plead guilty. However, the fact that Withanachchi's attorney gave him inaccurate advice seems to be the only plausible meritorious basis for Withanachchi's ineffective assistance of counsel claim.

However, even if the attorney's error can be seen as unreasonable, and even if Withanachchi would not have pleaded guilty had he known that his conviction would remain on his record permanently, these are insufficient grounds to satisfy an ineffective assistance of counsel claim. Withanachchi must also show that if he had not been given such advice and accordingly had not pleaded guilty, that "the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. As discussed below, the facts on the record leave little room for doubt that the United States could have secured a conviction even without Withanachchi's guilty plea, and Withanachchi fails to allege that but for his attorney's incorrect advice and his

subsequent decision to plead guilty, there is any reason to believe he would not have been convicted.

2. <u>Whether There is a Reasonable Probability that, but-for Counsel's Errors, the Result in this Case Would have Been Different</u>

Under the second *Strickland* prong, the petitioner must show a reasonable probability "sufficient to undermine confidence in the outcome" that the attorney's errors changed the result of the proceeding. 466 U.S. at 669. Here, Withanachchi argues that if his attorney had advised him about the consequences the conviction would have on his immigration status and had not misinformed him that his conviction would be permanently on his record, Withanachchi would have insisted on going to trial.

However, Withanachchi fails to claim that but-for his attorney's errors, the result in this case would have been different and Withanachchi would not have been convicted. In considering whether the result would have been different, a court should "presume, absent challenge to the judgment on grounds of evidentiary insufficiency, that the judge or jury acted according to law." *Strickland*, 466 U.S. 668 at 694-95.

In this case, the facts suggest that even if Withanachchi had not pleaded guilty, he would very likely have been found guilty at trial. The record shows that Withanachchi pleaded guilty as part of a plea bargain in which the government moved to dismiss the drug charge for the 3.3 grams of marijuana found on Withanachchi at the time of the DUI arrest. *See* Doc. No. 1, Ex. 3. Furthermore, the record shows that Withanachchi blew a .14 BAC at the time of his DUI arrest. *See id.* There has been no allegation of a Fourth Amendment violation that would result in exclusion of any of this evidence. Thus, the probable outcome of this case if Withanachchi had

not accepted the United States' plea bargain is that Withanachchi likely would have been convicted on both the DUI charge and the drug charge.

Thus, Withanachchi's ineffective assistance of counsel claim is without merit and is not grounds for the extraordinary remedy of *corum nobis*.

II. **Whether Adverse Consequences Exist from the Conviction Sufficient to Satisfy the Case or Controversy Requirement of Article III**

In order to prevail in a writ of error *corum nobis*, Withanachchi must demonstrate that adverse consequences exist from his conviction sufficient to meet Article III case or controversy requirements, specifically the requirement that his claim is ripe and that he is currently suffering a concrete injury as a result of his 2004 conviction.

A. **Because Withanachchi is Not Subject to Automatic Deportation or Even a Great Risk of Deportation as a Result of the Convictions, his Claim is not Ripe**

Even if Withanachchi's claim would otherwise have merit, Withanachchi has not alleged facts showing the imminent concrete injury of automatic deportation or a great risk of deportation as a result of these two DUI convictions. Rather, Withanachchi merely claims that the ICE now "has discretion to deny" his H-1 visa application based on Withanachchi's having two DUIs. *See* Doc. No. 1. The ICE always has discretion to deny visa applications. In this case, it has yet to be seen whether the ICE will grant Withanachchi's visa application or deny it on grounds unrelated to his convictions. Until the ICE denies Withanachchi's application based on the grounds that his two DUI convictions rise to the level of moral turpitude, his claim is not ripe.

Thus, Withanachchi's claim for relief should be denied because it is not ripe and it fails to allege an error of the most fundamental character as is necessary for such an extraordinary remedy.

## IV. CONCLUSION

For the foregoing reasons, the Court will: (1) DENY Withanachchi's petition for writ of error *coram nobis*; (2) GRANT the United States' motion to dismiss. A separate Order will follow.

August 15, 2011 /s/
    Date                                              Alexander Williams, Jr.
                                                           United States District Judge